**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
*Plaintiff-Appellee,*

v.

JOE LEWIS RICE, JR.,
*Defendant-Appellant.*

No. 02-4379

JOE LEWIS RICE, JR.,
*Plaintiff-Appellant,*

v.

UNITED STATES OF AMERICA,
*Defendant-Appellee.*

No. 02-6737

Appeals from the United States District Court
for the District of South Carolina, at Spartanburg.
Margaret B. Seymour, District Judge.
(CR-01-238-MBS, CA-02-249-7)

Submitted: August 29, 2002

Decided: September 27, 2002

Before WIDENER, NIEMEYER, and TRAXLER, Circuit Judges.

No. 02-4379 affirmed and No. 02-6737 dismissed by unpublished per curiam opinion.

**COUNSEL**

Leesa Washington, Assistant Federal Public Defender, Greenville, South Carolina, for Appellant; Joe Lewis Rice, Jr., Appellant Pro Se. Elizabeth Jean Howard, OFFICE OF THE UNITED STATES ATTORNEY, Greenville, South Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

**OPINION**

PER CURIAM:

Joe Lewis Rice, Jr., appeals his conviction and the sentence imposed by the district court following his guilty plea to possession with intent to distribute between five and fifty grams of cocaine base, in violation of 21 U.S.C. § 841(a)(1) (2000). Counsel has filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967). The Government did not file a reply brief. Finding no reversible error, we affirm.

On appeal, Rice contends that the district court failed to comply with Fed. R. Crim. P. 11. The record reveals that the district court conducted a thorough plea colloquy, and thus we conclude that Rice was fully aware of his rights and the consequences of his plea and that his plea was knowing and voluntary.

Rice next contends that the district court erred in calculating his Sentencing Guidelines range. Rice faced a maximum sentence of life imprisonment under 21 U.S.C. § 841(b)(1)(A) (2000). The presentence report accurately calculated the guideline sentence range as 188 to 235 months based upon a total offense level of 31, after a three point reduction for acceptance of responsibility, with a criminal history score of VI. *U.S. Sentencing Guidelines Manual*, ch. 5, pt. A (2000). Further, a court's decision to sentence a defendant within a

correctly calculated guideline range that is also within the statutory maximum for the offense is not reviewable by this court. *United States v. Porter*, 909 F.2d 789, 794 (4th Cir. 1990).

Finally, Rice raises the issue of ineffective assistance of trial counsel. Claims of ineffective assistance of counsel are generally not cognizable on direct appeal. *United States v. King*, 119 F.3d 290, 295 (4th Cir. 1997). To allow for adequate development of the record, claims of ineffective assistance of counsel must ordinarily be pursued in a motion filed pursuant to 28 U.S.C. § 2255 (2000). *United States v. Hoyle*, 33 F.3d 415, 418 (4th Cir. 1994). An exception to this general rule applies when the record conclusively establishes ineffective assistance of counsel. *King*, 119 F.3d at 295. We conclude that the record does not conclusively establish ineffective assistance of counsel. Thus, Rice's claim is not cognizable in this direct appeal.

Pursuant to *Anders*, we have reviewed the record and find no error. Accordingly, we affirm Rice's sentence and conviction. This court requires that counsel inform her client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client.

Rice's judgment was re-entered after the district court granted in part and dismissed in part Rice's 28 U.S.C. § 2255 motion. Rice has filed a pro se notice of appeal from the district court's order, and this appeal has been consolidated with Rice's direct appeal. His informal brief in the case challenges the district court's decision to dismiss his claim of ineffective assistance of counsel for failure to raise a claim challenging conversion of funds to drugs on appeal. The district court properly found the claim to be premature without a decision on appeal first. We therefore deny a certificate of appealability and dismiss this appeal.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and

argument would not aid the decisional process.

No. 02-4379 - *AFFIRMED*

No. 02-6737 - *DISMISSED*